## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER BUCKENBURGER**                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 06-5670**

**SHERIFF JACK STRAIN, ET AL.**                    **SECTION:  "I"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Christopher Buckenburger, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Jack Strain, Warden Marlin Peachy, Deputy Warden Greg Longino, and other unidentified state and local officials.  Because plaintiff's complaint[1] and amended complaint[2] were virtually incomprehensible, a <u>Spears</u> hearing was held on September 22, 2006, to allow him a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).[3]  At that hearing,

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant.  <u>Id.</u>

plaintiff was sworn and his testimony was recorded.  Based on his complaint, amended complaint, and Spears hearing testimony, the Court finds that plaintiff is asserting the following claims and making the following allegations in support of those claims.

Plaintiff stated that he is asserting two claims:  denial of access to courts and retaliation.  He testified that all of his allegations relate in some manner to those two claims.

Plaintiff testified that he was arrested for attempted murder and simple assault on a police officer, and those charges remain pending.  Attorney Ernest Barrow has been appointed to represent him in those criminal proceedings.

Plaintiff claims that after his initial arrest, he wanted to challenge the fact that he was not given a probable cause hearing but he did not have access to paper or pen to file a legal complaint while in the holding cell.  When he was transferred from the holding cell, he was able to file such a complaint and was taken to court.  He claims that the state judge found that the law enforcement officials had acted deceptively, but the judge nevertheless denied relief.  Plaintiff claims that the judge acted vindictively and was later recused because he had formerly been involved as a prosecutor in one of plaintiff's prior criminal prosecutions.

Plaintiff complains that jail officials limit inmates to ten sheets of legal paper, five sheets of regular paper, two business envelopes, one manila envelope, and one pen per week.  He claims that such limited supplies are insufficient to allow him to pursue the various litigation efforts he has ongoing, which include matters relating to his pending state criminal prosecution, this federal lawsuit, and a complaint with the state bar association.  He also complains that the jail law library's services are inadequate because he is limited as to the amount of materials he can get per week.  Additionally, he complains that, without any advance notice, no law library services were available

for the period of July 23 - August 27, 2006.  He acknowledged that these restrictions apply to all inmates, not just him.

Plaintiff also complains that when he submits administrative grievances they are returned to him as improper.  The jail officials tell him that his grievances are rejected because they concern more than one issue; however, plaintiff believes that the matters are sufficiently related and so he should be able to combine them in one grievance.

When asked to explain his retaliation claim, he stated that jail officials are retaliating against him for exercising his right of access to the courts.  The retaliatory actions they allegedly take against him are the ones previously mentioned regarding restrictions on legal supplies and services.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[4]

---

[4]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[5]

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint and amended complaint,[6] and fully considering his Spears hearing testimony, the Court finds that his complaint lacks any arguable basis in law and fact and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

_____

[5] Rec. Docs. 2 and 3.

[6] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Access to Courts

It is clear that inmates have a constitutional right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  However, that right is not absolute; rather, as the United States Supreme Court has noted:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).  Accordingly, the right encompasses only the access to law libraries or assistance from legally trained personnel necessary to file *nonfrivolous* legal claims challenging the inmates' *convictions or conditions of confinement*. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).  Moreover, it is clear that Bounds "did not create an abstract, freestanding right to a law library or legal assistance" in a prison.  See Lewis, 518 U.S. at 351.  "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Id.

The right of access to courts extends to pretrial detainees, such as plaintiff, as well as to convicted prisoners.  See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006); Williams v. Bartel, Civil Action No. 05-21, 2006 WL 2547064, at * 3 (W.D. La. June 19, 2006) (Wilson, M.J.) (Report and Recommendation adopted by Trimble, J., on August 31, 2006). However, pretrial detainees are often in a different situation, in that they normally have appointed counsel representing them with respect to their pending criminal charges.  The appointment of such

5

counsel satisfies the detainee's right of access to courts for his criminal proceedings; in those circumstances, he is not additionally entitled to independent access to a law library and legal materials. Kirkpatrick, 2006 WL 2401108, at *4; Williams, 2006 WL 2547064, at *3. Moreover, such inmates are not entitled to access to a law library even if they knowingly and voluntarily choose to *waive* appointed counsel. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court appointed counsel, [an inmate has] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial."); see also Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005); Gordon v. Police Jury of Jefferson Davis Parish, No. 01-30146, 2001 WL 1468183, at *1 (5th Cir. Oct. 26, 2001).

As noted, at the Spears hearing, plaintiff identified three types of matters which he claims are being adversely impacted by his restricted access to legal supplies and materials:  (1) matters relating to his pending state criminal prosecution, (2) this federal lawsuit, and (3) a complaint with the state bar association.

As to his state criminal proceeding, he admitted that he has appointed counsel, i.e. attorney Ernest Barrow.  The appointment of Mr. Barrow satisfies his right of access to courts with respect to those matters.

As to this federal proceeding, his claim fails for three reasons.  First, as noted previously, the right of access to courts extends to the filing of only nonfrivolous actions.  For the reasons set forth in this opinion, this matter is clearly frivolous.  Second, his right to pursue this matter obviously has not been adversely impacted by any limitations on either legal supplies or legal materials.  In the one month this case has been pending, he has managed to file a twenty-seven page complaint, a two page pauper application, a ten page amended complaint, a three page motion, a one page motion, and a

three page memorandum regarding the <u>Spears</u> hearing.  Moreover, at the <u>Spears</u> hearing, he repeatedly pointed the Court to specific case law and legal provisions.  Third, an inmate has a viable access-to-courts claim *only* if he can "demonstrate that his position as a litigant was prejudiced by his denial of access to the courts."  <u>McDonald v. Steward</u>, 132 F.3d 225, 230-31 (5th Cir. 1998).  He has suffered no such prejudice with respect to the instant case.  He has been able to file a complaint, amend that complaint, file motions, and give legal argument and testimony at a <u>Spears</u> hearing.  He has missed no deadlines imposed by the Court.  Although this case ultimately should be dismissed, that fact stems purely from the frivolity of his underlying claims, not from any limitations on his access to legal supplies and materials.

As to any effect on his complaint to the bar association, the right of access to courts does not encompass such matters.  As noted previously, the right extends only to an inmate's ability to pursue criminal matters and civil cases challenging the conditions of confinement.  <u>Lewis</u>, 518 U.S. at 355; <u>Jones</u>, 188 F.3d at 325.

For all of the foregoing reasons, the Court finds that plaintiff's access-to-courts claim is frivolous and should be rejected as such.

<u>Retaliation</u>

Plaintiff claims that the defendants have retaliated against him for exercising his right of access to the courts.  The United States Fifth Circuit Court of Appeals has held:

> To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred.

McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) (internal quotation marks and ellipsis omitted).  Therefore, a prisoner bears a "significant burden" with respect to such claims.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  A prisoner's "[m]ere conclusory allegations of retaliation" are insufficient.  Id.  Rather, the prisoner "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred."  Id.  (internal quotation marks omitted).

In the instant case, plaintiff's "retaliation" claim is essentially nothing more than a restatement of his access-to-courts claim.  According to his Spears hearing testimony, plaintiff claims that the defendants are retaliating against him for exercising his right of access to the courts, and the "retaliatory adverse acts" are the alleged restrictions imposed on legal supplies and materials.  However, because plaintiff's access-to-courts claim is frivolous, his related retaliation claim necessarily fails.  Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).  Moreover, in any event, the restrictions of which plaintiff complains resulted from jail policies and actions applicable to all inmates in the facility.  The restrictions were neither directed at plaintiff alone nor resulted from any exercise of his rights.  Therefore, they cannot be considered as a form of retaliation against him.

## Other Claims

Plaintiff clearly testified at the Spears hearing that he was asserting claims only for denial of access to courts and retaliation.  However, the Court notes that plaintiff referenced other claims in his complaint and Spears hearing testimony.  Out of an abundance of caution, the Court notes that even if plaintiff's complaint were construed to incorporate those claims, they would likewise be

subject to dismissal as frivolous and for otherwise failing to state a claim on which relief may be granted for the following reasons.

Plaintiff alleges that jail officials violated his rights by refusing to accept grievances which they claim concern more than one issue.  Even if the officials have rejected such grievances, plaintiff's claim would not be cognizable.  An inmate has no constitutional right to an effective grievance process.  In Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005), a prisoner alleged that prison officials failed to properly investigate his grievances and letters complaining about perceived rights violations.  The United States Fifth Circuit Court of Appeals held that the claim was frivolous because a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction.  Id. at 373-74.

Plaintiff complains that the jail now charges fifteen cents per page for copies rather than providing copies for free.  Even if that is true, it is of no moment.  The federal constitution does not require that inmates be afforded free copying services.  See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988); Edelkind v. Neustrom, Civil Action No. 05-2176, 2006 WL 2037425, at *6 n.7 (W.D. La. June 27, 2006) (Methvin, M.J.) (Report and Recommendation adopted by Haik, C.J., on July 18, 2006).

Plaintiff also alleges that he was falsely arrested and is being falsely imprisoned and maliciously prosecuted.  Those claims would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). The Heck prohibition applies with equal force when the plaintiff is facing pending criminal charges if "a judgment in favor of plaintiff would necessarily imply the invalidity of a *subsequent* conviction or sentence." Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (emphasis added). Claims barred by Heck are legally frivolous. Id. at 102.[7]

A federal judgment in plaintiff's favor on his claims of false arrest, false imprisonment, or malicious prosecution would necessarily imply the invalidity of any subsequent state conviction on the underlying criminal charges. Therefore, Heck would bar such claims until such time as plaintiff obtains a favorable disposition on the pending criminal charges. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (malicious prosecution and false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (malicious prosecution, false arrest, and false imprisonment claims barred by Heck), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St.

---

[7] Of course, a dismissal pursuant to Heck does not preclude a plaintiff from raising such claims in a later lawsuit if he prevails in his criminal proceedings. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

<u>John the Baptist Parish</u>, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).[8]

Class Action

Plaintiff has requested that he be allowed to pursue this matter as a class action.  Even if the matter were not subject to dismissal for the reasons previously set forth, *pro se* litigants should not be allowed to serve as class representatives.  As the United States Tenth Circuit Court of Appeals has noted:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class."  A litigant may bring his own claims to federal court without counsel, but not the claims of others.  This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

<u>Fymbo v. State Farm Fire & Casualty Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted).  While plaintiff has pursued this litigation with tenacity and zeal, those traits "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."  <u>Mackenzie v. Local 624, International Union of Operating Engineers</u>, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979).

Injunctive Relief

In connection with this action, plaintiff has filed documents entitled "Order to 'Show' Case for Preliminary Injunction, Temporary Restraining Order"[9] and "Motion for Preliminary Injunction

---

[8] That assumes, of course, that plaintiff could even state a claim for malicious prosecution, an assumption in grave doubt in light of the United States Fifth Circuit Court of Appeals' recent determination that there is no "freestanding constitutional right to be free from malicious prosecution." <u>Castellano v. Fragozo</u>, 352 F.3d 939, 945 (5th Cir. 2003), <u>cert.denied</u>, 543 U.S. 808 (2004).

[9] Rec. Doc. 5.

and TRO."[10]  Despite plaintiff's request for a temporary restraining order, his motions must be construed solely as ones for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order.  Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School Dist., 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).  The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.  See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United Stated Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites.  See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994).  As a result, "[t]he decision to

---

[10]  Rec. Doc. 7.

grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

Because plaintiff's complaint should be dismissed in its entirety as frivolous and for otherwise failing to state a claim on which relief may be granted, injunctive relief clearly is not warranted in this case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is **FURTHER RECOMMENDED** that plaintiff's motions for immediate injunctive relief, Rec. Docs. 5 and 7, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of September, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

13